**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

      Special Assistant Attorneys General for Defendants
      Additional Counsel of Record Listed on Signature Page

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al., | Case No. 2:22-cv-01815-IM (*lead case*) |
| | 3:22-cv-01859-IM (*trailing case*) |
| | 3:22-cv-01862-IM (*trailing case*) |
| Plaintiffs, | 3:22-cv-01869-IM (*trailing case*) |
| v. | **DEFENDANTS' MOTION TO CONTINUE POSTPONEMENT OF ENFORCEMENT OF MEASURE 114'S PERMITTING REQUIREMENT** |
| KATE BROWN, et al., | |
| Defendants. | |
| MARK FITZ, et al., | |
| Plaintiffs, | |
| v. | |
| ELLEN F. ROSENBLUM, et al., | |
| Defendants. | |
| KATERINA B. EYRE, et al., | |
| Plaintiffs, | |

v.

ELLEN F. ROSENBLUM, et al.,

Defendants.

DANIEL AZZOPARDI, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants.

## MOTION

Defendants move the Court to continue its stay (Case No. 2:22-cv-01815-IM, ECF #39; Case No. 3:22-cv-1859-IM, ECF #26; Case No. 3:22-cv-1862-IM, ECF #27; Case No. 3:22-cv-1869-IM, ECF #17) of enforcement of Measure 114's permitting requirement by entering an order temporarily restraining defendants from taking any act to prohibit the transfer of a firearm without a permit or to punish any person for transferring or receiving a firearm without a permit until 11:59 p.m. on March 7, 2023.  (*See* ECF #61-1 (defendants' proposed order).[1])

As set forth in the parties' Joint Status Reports (ECF #61[2]), plaintiffs "agree that this Court's stay of the enforcement of Measure 114's permit-to-purchase requirement should be extended to 11:59 p.m. on March 7, 2023."

---

[1] Defendants provided a proposed order with the Joint Status Report identifying specific sections of Measure 114 that they would agree they cannot enforce.  The Court may, however, simply enter an order stating that defendants are temporarily restrained from taking any act to prohibit the transfer of a firearm without a permit or to punish any person for transferring or receiving a firearm without a permit until 11:59 p.m. on March 7, 2023.

[2] All ECF cites are to the lead case, *Oregon Firearms Federation, Inc.*, Case No. 2:22-cv-01815-IM, unless an alternate case number is identified.

## BACKGROUND

Oregon voters passed Ballot Measure 114 on November 8, 2022, and it was scheduled to go into effect on December 8, 2022.[3]  Measure 114 makes three changes to Oregon law: (1) It requires Oregonians to obtain a permit to purchase a firearm; (2) it requires completed background checks when firearms are purchased; and (3) it restricts large capacity magazines. Plaintiffs in two of these consolidated cases, *Eyre*, Case No. 3:22-cv-1862, and *Azzopardi*, Case No. 3:22-cv-1869, asserted claims and filed motions for temporary restraining orders contending that defendants would be unable to implement the first change—the permitting requirement—by December 8, 2022.

In response, in a December 4, 2022 letter, defendants informed the Court that the permitting requirement would not be ready to implement by December 8.  (ECF #34.)  In particular, defendants explained that to obtain a permit under Measure 114, an individual must "present their police chief or county sheriff with proof of completion of a firearm safety course." (*Id.* at 2 (*citing* Measure 114 § 4(1)(b)(D); quotation marks omitted).)  But, defendants conceded, local law enforcement was not prepared to certify instructors to provide one element of the required safety course—an in-person demonstration before an instructor certified by a law enforcement agency.  *See* Measure 114 § 4(8)(c)(D).  Defendants agreed, therefore, that in response to the *Eyre* and *Azzopardi* motions challenging implementation of the permitting requirement, "the Court should enter an order providing a limited window in which Oregonians will be able to purchase firearms even if they do not have a permit[.]"  (ECF #34 at 1.)

---

[3] As set forth in the Joint Status Report, an Oregon state circuit court issued a series of orders enjoining all of Measure 114.  *Arnold v. Brown*, Case No. 22CV41008 (Harney County Cir. Ct.).  The state court issued a letter opinion on January 3, 2023, concluding that it would continue to enjoin provisions of Measure 114 that require background checks for firearms purchases because those provisions are intertwined with the permitting requirement.  The State intends to seek mandamus relief vacating that and other orders of the state court.

Defendants were clear that their agreement to a temporary stay of enforcement of Measure 114's permitting requirement was circumscribed. "The State's position that Measure 114 is constitutional on its face remains the same." (*Id.* at 2.) Defendants also explained that "there is no basis to enjoin Measure 114's provisions governing the issuance of permits to purchase (§§ 4-5), its restrictions on large-capacity magazines (§ 11), or various provisions requiring completed background checks when firearms are purchased." (*Id.* at 2.)

On December 6 and 7, this Court issued orders in each of the four consolidated cases denying plaintiffs' motions for temporary restraining orders. In each order, however, the Court stayed enforcement of the permitting requirement for 30 days. The Court expressly did so based on defendants' agreement that the Court "should 'enter an order providing a limited window in which Oregonians will be able to purchase firearms even [if] they do not have a permit[.]'" (ECF #39 at 3-4 (quoting defendants' letter (ECF #34 at 1)).) In *Azzopardi*, for example, the Court specifically cited defendants' December 4 letter and wrote: "Because Defendants have asked this Court to postpone implementation of Measure 114's permit requirement, ECF 13 [defendants' letter], this Court stays implementation of those requirements for 30 days[.]" (Case No. 3:22-cv-1869, ECF #17 at 2.)

## ARGUMENT

Federal Rule of Civil Procedure 65 provides that a temporary restraining order must "describe in reasonable detail . . . the act or acts restrained[.]" FRCP 65(d)(1)(C). The Court should restrain defendants from taking any act to prohibit the transfer of a firearm without a permit or to punish any person for transferring or receiving a firearm without a permit until 11:59 p.m. on March 7, 2023.[4] The Court should not enjoin defendants from preparing to issue or

---

[4] There are some differences in defendants in the four cases before the Court. The Attorney General is named as a defendant in all the four federal cases. The Superintendent of the

issuing permits, enforcing restrictions on large-capacity magazines, or requiring completed background checks to transfer firearms.

As described in the Joint Status Report (ECF #61), after the Court issued its initial 30-day stay based on defendants' December 4 letter, plaintiffs contended that the Court's stay applies not only to enforcement of the permitting requirement, but also to Measure 114's provisions requiring background checks to transfer a firearm. *See, e.g.*, Measure 114 §§ 6(3)(c), 7(3)(d)(B), 8(3)(c). Plaintiffs are incorrect. The Court expressly based its stay order on defendants' agreement for a limited stay as stated in their December 4 letter: "Because Defendants have asked this Court to postpone implementation of Measure 114's permit requirement, ECF 13 [defendants' letter], this Court stays implementation of those requirements for 30 days[.]" (Case No. 3:22-cv-1869, ECF #17 at 2.) Defendants were unambiguous in their December 4 letter that "there is no basis to enjoin Measure 114's . . . various provisions requiring completed background checks when firearms are purchased." (ECF #34 at 2.) As such, this Court has not stayed enforcement of the background check requirements.

Furthermore, there is no basis to broaden the stay to include those provisions now. As explained in the Joint Status Report, Measure 114's provisions requiring permits and provisions requiring background checks at the time of purchase are conceptually distinct; the Measure could require either without the other and the fact that it requires both does not make them "part of parcel" of a single program. (ECF #61 at 5-8.) In addition, plaintiffs have asserted no claims in their original complaints and motions for preliminary relief that the background check provisions are, standing alone, unconstitutional; and, in any event, they are constitutional. (*Id.*)

---

Oregon State Police is named as a defendant in every federal case except *Oregon Firearms Federation*. The Governor is named as a defendant in *Oregon Firearms Federation*.

Defendants' rationale for requesting the Court extend its stay until 11:59 p.m. on March 7, 2023 is straightforward and remains the same as outlined in the December 4 letter.  Law enforcement agencies have not yet certified instructors for the in-person demonstration component of the firearms safety course that is required for individuals to obtain a permit.  As such, no one can presently obtain a permit.  Defendants believe that extending the stay until 11:59 p.m. on March 7, 2023 will allow time for instructors to be certified to provide the in-person demonstration component of the firearms training course and thus for an individual to obtain a permit before it is required to purchase a firearm.  Defendants will keep the Court informed and provide additional updates on progress toward implementation as directed.

## CONCLUSION

For the foregoing reasons, the Court should temporarily restrain defendants from taking any act to prohibit the transfer of a firearm without a permit or to punish any person for transferring or receiving a firearm without a permit until 11:59 p.m. on March 7, 2023.

DATED this 5th day of January, 2023.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:   *s/ Harry B. Wilson*

Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Hannah K. Hoffman, OSB #183641
HannahHoffman@MarkowitzHerbold.com

*Special Assistant Attorney General for Defendants*

Brian Simmonds Marshall
brian.s.marshall@doj.state.or.us
*Of Attorney for Defendants*

1387546

**Page 6 -   DEFENDANTS' MOTION TO CONTINUE POSTPONEMENT OF ENFORCEMENT OF MEASURE 114'S PERMITTING REQUIREMENT**