# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON FIREARMS FEDERATION, INC**., et al., | Case No. 2:22-cv-01815-IM (*lead case*); 3:22-cv-01859-IM (*trailing case*); 3:22-cv-01862-IM (*trailing case*); 3:22-cv-01869-IM (*trailing case*) |
| Plaintiffs, | |
| v. | |
| **KATE BROWN**, et al., | **ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE POSTPONEMENT OF ENFORCEMENT OF OREGON BALLOT MEASURE 114'S PERMITTING REQUIREMENTS** |
| Defendants. | |
| **MARK FITZ**, et al., | |
| Plaintiffs, | |
| v. | |
| **ELLEN F. ROSENBLUM**, et al., | |
| Defendants. | |
| **KATERINA B. EYRE**, et al., | |
| Plaintiffs, | |

PAGE 1 – ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE POSTPONEMENT OF ENFORCEMENT OF OREGON BALLOT MEASURE 114'S PERMITTING REQUIREMENTS

|  |  |
|---|---|
| v. | |
| **ELLEN F. ROSENBLUM**, et al., | |
| Defendants. | |
| **DANIEL AZZOPARDI**, et al., | |
| Plaintiffs, | |
| v. | |
| **ELLEN F. ROSENBLUM**, et al., | |
| Defendants. | |

**IMMERGUT, District Judge.**

Before this Court is Defendants' Motion to Continue Postponement of Enforcement of Oregon Ballot Measure 114's ("Measure 114") Permitting Requirements. ECF 69. On December 6, 2022, this Court denied Plaintiffs' Motions for Temporary Restraining Order (TRO) in their entirety. ECF 39 at 4. Despite denying the TROs, this Court granted Defendants' request to stay enforcement of Measure 114's permit-to-purchase scheme for thirty days. ECF 39 at 4. Defendants now ask this Court to extend the stay until 11:59 p.m. on March 7, 2023. ECF 69 at 2. Defendants explain that their request would stay any action by Defendants that would prohibit the transfer of a firearm without a permit or punish any person for transferring or receiving a firearm without a permit. *Id.* In addition, Defendants clarify that their request never covered the background checks required under Measure 114. *Id.* at 4. For the following reasons, this Court GRANTS Defendants' Motion.

In its Opinion and Order denying the TROs, this Court held that Plaintiffs had not shown a likelihood of success on the merits of their constitutional challenge to Measure 114's permit-to-

PAGE 2 – ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE POSTPONEMENT OF ENFORCEMENT OF OREGON BALLOT MEASURE 114'S PERMITTING REQUIREMENTS

purchase provisions, as it is a "shall-issue" permit scheme based on objective standards and is therefore presumptively constitutional under the holding of *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*. 142 S. Ct. 2111, 2138 n.9 (2022). In *Bruen*, the Supreme Court stated that "nothing in [the Court's] analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes" which "do not require applicants to show an atypical need for armed self-defense," and therefore "do not necessarily prevent 'law-abiding, responsible citizens' from exercising their Second Amendment right to public carry." *Id.* at 2138 n.9. Writing separately in concurrence, Justice Kavanaugh noted that "shall-issue regimes" that "do not grant open-ended discretion to licensing officials and do not require a showing of some special need apart from self-defense" are "constitutionally permissible," even if they require an individual to "undergo fingerprinting, a background check, a mental health records check, training in firearms handling and in laws regarding the use of force, among other possible requirements." *Id.* at 2162 (Kavanaugh, J., concurring).

In light of the Supreme Court's holding that shall-issue licensing regimes are not constitutionally suspect, this Court found that Measure 114's permit-to-purchase scheme tracks squarely with the objective regime outlined in *Bruen*: it requires applicants to undergo a background check, fingerprinting, a mental health check, and training in firearms. *See id*. If an applicant meets the criteria for a permit, the permit agent "shall issue" the permit. Measure 114 § 4(3)(a). And, if an application is denied, the applicant may appeal that decision to a circuit court and may further appeal that decision to the Court of Appeals. *Id.* §§ 5(5), 5(11).

Notwithstanding this Court's holding that Measure 114's permit-to-purchase provision is the kind of permitting scheme that the Supreme Court in *Bruen* expressly found to pass constitutional muster, this Court nonetheless ordered enforcement of Measure 114's permit-to-

purchase provisions to be stayed for thirty days at the request of Defendants. ECF 39 at 4. This Court now grants Defendants' Motion to Continue Postponement of Enforcement of Measure 114 Permitting Requirements, ECF 69, and stays enforcement of Measure 114's permit-to-purchase requirement through 11:59 p.m. on March 7, 2023. Defendants state in their Motion that this extension "will allow time for instructors to be certified to provide the in-person demonstration component of the firearms training" required by Measure 114. ECF 69 at 6; *see also* Measure 114 § 4(8)(c)(A)–(D).

This Court further clarifies that this Order does not stay enforcement of Measure 114's various background check provisions, which collectively amend Oregon law to prohibit firearm dealers from transferring a firearm to a prospective purchaser without a completed background check. Section 6 of Measure 114, for instance, states that a firearm dealer "may not transfer the firearm unless the dealer receives a unique approval number from the [Oregon State Police] and, within 48 hours of completing the transfer, the dealer shall notify the state that the transfer to the permit holder was completed." Measure 114 § 6(3)(c). Section 7 of Measure 114 states that gun dealers may not transfer a firearm to a person if the Oregon State Police are "unable to determine if the transferee is qualified or disqualified from completing the transfer[.]" *Id.* § 7(3)(d)(B). And Section 8 of Measure 114 prohibits firearms transfers at gun shows "unless the transferor receives a unique approval number" from the Oregon State Police. *Id.* § 8(3)(c).

In a Joint Status Report filed before this Court on December 20, 2022, Plaintiffs asked that this Court's stay be extended to preclude enforcement of these background check provisions of Measure 114. ECF 61 at 2. This Court denies Plaintiffs' request. Plaintiffs failed to substantively challenge these provisions in their Complaints, their briefing on their Motions for a Temporary Restraining Order, or at oral argument regarding their Motions for a Temporary

PAGE 4 – ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE POSTPONEMENT OF ENFORCEMENT OF OREGON BALLOT MEASURE 114'S PERMITTING REQUIREMENTS

Restraining Order, and Plaintiffs' contention otherwise is unavailing. *See* ECF 61 at 5. [1] The portions of their briefing to which Plaintiffs point challenge the constitutionality of these background check provisions only when coupled with the permit-to-purchase provision. *See, e.g.*, *Eyre et al. v. Rosenblum et al.*, No 3:22-cv-01862-IM, ECF 1 at ¶ 67 (challenging the "permit-to-purchase' regime" as violating the Second Amendment); *id.*, ECF 5 at 10 ("Oregon's new permit-to-purchase law restricts an individual's ability 'to purchase or acquire a firearm.'"). This Court declines to extend injunctive relief to Plaintiffs based on arguments raised, in the first instance, in a Joint Status Report.

Were this Court to consider Plaintiffs' arguments, however, it would nonetheless find that Plaintiffs have failed to show a likelihood of success on the merits of any constitutional challenge to Measure 114's background check provisions. As discussed above, Justice Kavanaugh's concurrence in *Bruen* specifically stated that "background checks," like the ones at issue in the instant case, are constitutionally permissible. *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring). And while *Bruen* noted that a valid shall-issue permitting scheme may still be susceptible to an as-applied challenge if it operated in such a way to effectively preclude an applicant from obtaining a firearm, *id.* at 2138 n.9, Plaintiffs have not shown that the background

---

[1] Plaintiffs in both the lead case *Oregon Firearms Federation et al. v. Brown et al.*, No. 2:22-cv-01815-IM, and in the trailing case *Eyre et al. v. Rosenblum et al.*, No. 3:22-cv-01862-IM, filed amended complaints on January 4, 2023. ECF 67; ECF 68. These amended complaints raise more substantive challenges to Measure 114's background check requirements. ECF 67. There were not the operative complaints at the time this Court denied issuing a temporary restraining order enjoining Measure 114's permit-to-purchase requirement and entered its existing stay of enforcement of the permit requirements. The Court therefore does not consider the claims raised in these complaints in issuing the present Order. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636–37 (9th Cir. 2015) (requiring a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint").

PAGE 5 – ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE POSTPONEMENT OF ENFORCEMENT OF OREGON BALLOT MEASURE 114'S PERMITTING REQUIREMENTS

check provisions at issue in the instant litigation do indeed force individuals to "wait interminably . . . to exercise the most basic aspect of a constitutional right." ECF 61 at 4.

Accordingly, this Court GRANTS Defendants' Motion to Continue Postponement of Enforcement of Measure 114 Permitting Requirements, ECF 69, and stays enforcement of Measure 114's permit-to-purchase requirement as described in this Order through 11:59 p.m. on March 7, 2023. All other portions of Measure 114, including the background check provisions and the restrictions on large-capacity magazines, are not stayed or enjoined by this Court.

**IT IS SO ORDERED.**

DATED this 5th day of January, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge