Shawn M. Lindsay
shawn@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475
  *Attorney for Eyre Plaintiffs*


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al., <br><br>                      Plaintiffs, <br><br>    v. <br><br> KATE BROWN, et al., <br><br>                      Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)* <br> Case No. 3:22-cv-01859-IM *(Trailing Case)* <br> Case No. 3:22-cv-01862-IM *(Trailing Case)* <br> Case No. 3:22-cv-01869-IM *(Trailing Case)* <br><br> CONSOLIDATED CASES <br><br> **SECOND DECLARATION OF JASON MYERS** |
| MARK FITZ, et al., <br><br>                      Plaintiffs, <br><br>    v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br>                      Defendants. | |
| KATERINA B. EYRE, et al., <br><br>                      Plaintiffs, <br><br>    v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br>                      Defendants. | |
| DANIEL AZZOPARDI, et al., <br><br>                      Plaintiffs, <br><br>    v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br>                      Defendants. | |

I, Jason Myers, declare and state the following.

1.  I am a resident of Stayton, Oregon, am over 18 years of age, and have personal knowledge of the matters stated herein.

2.  I am a retired Sheriff of Marion County Oregon and currently serve as the Executive Director of the Oregon State Sheriff's Association ("OSSA"), and am authorized to speak and testify on its behalf.

3.  OSSA is a 501(c)(3) nonprofit corporation, dedicated to supporting Oregon Sheriffs and Sheriff's Offices. It has operated in Oregon since 1916. OSSA provides a substantial portion of the training for Sheriff's Office personnel statewide as well as represents and advocates on behalf of Oregon Sheriffs. The OSSA Board of Directors consists of Oregon's 36 elected Sheriffs.

4.  Measure 114 makes each Sheriff's Office and each municipal police agency a "permit agent" for their respective jurisdictions.

5.  At this time, OSSA is working with the Oregon State Police ("OSP") to create a permit-to-purchase system that meets Measure 114's requirements. But there is currently no system in place, and therefore no permits to purchase can be issued.

6.  OSP has advised OSSA that OSP has no electronic infrastructure to implement the Measure 114's permit program, and it will therefore be a paper-heavy process until that infrastructure can be created and implemented. OSP has adopted a temporary administrative order, dated December 6, 2022, which requires permit agents to use either US Mail, hand delivery, or a courier for delivery of permit applications to OSP, and to use only paper applications and paper fingerprint cards.

7.  On December 21, 2022, I had a virtual meeting with high level representatives from OSP regarding the permit process. As of that date, the Federal Bureau of Investigation ("FBI") had denied OSP the ability to run the federal fingerprint background checks through the National Instant Background System ("NICS") which is a required component of Measure 114, section 4(1)(e). Until that issue is resolved, OSP cannot fulfil the complete fingerprint identification required by the measure.

8.  OSSA and representatives of the Oregon Chiefs of Police have met to work on creating a permit process for the local permit agents. A draft document has been produced, but we cannot finalize the permit process without information from OSP. I have sent OSP a list of questions that must be answered and they have not responded to these questions at this time.

9.  Once OSP provides answers to the questions we submitted, OSSA's workgroup will finalize the permit process and submit it to Oregon Sheriffs and Police Chiefs for approval. Once approved, we will work to create training for all the permit agents in the

Page 1 - SECOND DECLARATION OF JASON MYERS

state – approximately 160 agencies.  OSSA also intends to provide technical assistance for agencies that need assistance in creating the required processes in their agency.

10. OSSA and representatives of the Oregon Chiefs of Police have met to work on creating a process for the in-person demonstration of the applicant's ability to lock, load, unload, fire and store a firearm.  Measure 114 makes no allowance for a person with a disability who wants to purchase a firearm but cannot perform the required physical tasks, and OSSA is working on trying to address the issues arising from the Americans with Disabilities Act.  OSSA's workgroup has come up with a draft process, and it will be considered by the Sheriffs and Chiefs of Police on January 4th, 2023.

11. Measure 114 placed a substantial amount of work on all law enforcement agencies but came with very little direction, no funding, and no additional staffing.  A local permit agent may charge up to $65 for each permit application they process.  OSP has advised OSSA and OACP that they intend to charge each local permit agent $45 per permit application to perform their required fingerprint background check.  OSSA has asked OSP for their authority to charge any fee as it is not addressed in Measure 114, but has not yet gotten an answer.  With OSP's intent to charge permit agent's $45 for each permit application fingerprint/background check, local permit agents are very reluctant to hire additional staff to perform these duties, which will further delay the implementation of the system.

12. Measure 114 also requires permit-to-purchase applicants to provide proof of very specific training requirements that can be done online or in a classroom setting.  OSSA has developed an online course which has been approved by law enforcement and is available at the OSSA website.  OSSA is not aware of any other training that meets the requirements of Measure 114.  As of January 3, 2023, at 11:00 am approximately 932 individuals had completed this portion of the online training.  OSSA is not aware of any current system available for a person to do the required in-person demonstration required by the Measure.

13. As of January 3rd, 2023, OSSA does not believe that anyone in the state will be able to certify that they have received all the required training to obtain a permit to purchase a firearm.  OSSA hopes to have all components of this training completed within the next thirty days, but OSP has indicated that they believe there will be 300,000 new permits issued in the first year Measure 114 is operational.  It will take a significant amount of time for all 300,000 applicants to obtain the required training components once all processes are finalized.  Without the required training, a person will not be able to even apply for a purchase permit.

14. At this time, OSSA does not believe that the permit system can be finalized unless the Federal Bureau of Investigation agrees to allow the required fingerprint checks through the NICS system, all local permit processes are finalized, and all permit agencies are trained.  At this time OSSA cannot give the court a date of when an operational permit system can be in place because of the current hurdles and the required statewide training for permit agents.

Page 2 - SECOND DECLARATION OF JASON MYERS

15. Even once all OSP and permit agent processes are finalized, OSSA is not aware of any Sheriff's Office that currently has the staff or resources to handle the expected volume of purchase permit applications.  Given the finite resources of Oregon law enforcement agencies and the lack of electronic systems to expedite the process, OSSA expects that, once the permit process is available, people wishing to apply for a purchase permit will be given an appointment several months out.  OSSA believes the number of permits processed in the first months will likely be in the hundreds.  OSSA does not believe there is any realistic possibility that local permit agents will be able to process anywhere near 300,000 permits in a single year.

16. Under current federal law, if a background check is not completed within three days, the dealer can legally transfer the firearm to a purchaser.  18 U.S.C. § 922(t).  Under the new purchase permit process, there is no time limit on how long OSP can take with the criminal history check, and an applicant for a purchase permit could be waiting for an indefinite period of time, and this is already occurring.

17. During our meeting with OSP on December 21, 2022, OSP advised that the (FICS) background check queue (people waiting for OSP approval to buy a firearm) was at 36,307, and they had an additional 9,927 people in a separate queue for checks that required further research.  OSP advised that they have dedicated additional staff to the process are processing the requests in the date order received, and on December 21st the background unit was processing background checks they received on November 17th, 2022.  They further advised that when a background check goes over thirty days, OSP is required to replicate the initial check again.  The current background check system is taking in excess of thirty days, and once Measure 114 goes into effect there is no required timeline for OSP to process a background check.

18. I make these statements in support of the Plaintiffs' motion to preliminary enjoin Measure 114.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 3rd day of January 2023.

_____
Jason Myers