**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

 Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

 Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>TINA KOTEK, et al.,<br><br>          Defendants,<br><br>    and | Case No. 2:22-cv-01815-IM (lead case)<br>    3:22-cv-01859-IM (trailing case)<br>    3:22-cv-01862-IM (trailing case)<br>    3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING JURISDICTION** |

**Page 1 -** DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING
     JURISDICTION

| |
|---|
| OREGON ALLIANCE FOR GUN SAFETY, |
| Intervenor-Defendant. |
| MARK FITZ, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |
| KATERINA B. EYRE, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants, |
| and |
| OREGON ALLIANCE FOR GUN SAFETY, |
| Intervenor-Defendant. |
| DANIEL AZZOPARDI, et al., |
| Plaintiffs, |
| v. |
| ELLEN F. ROSENBLUM, et al., |
| Defendants. |

As this Court knows, a state circuit court in Harney County, Oregon, has preliminarily enjoined all of Measure 114. *Arnold v. Kotek*, No. 22CV41008 (Harney County Cir. Ct.). This morning, the Oregon Supreme Court denied defendants' petition seeking immediate review of the circuit court's injunctions. The Oregon Supreme Court did not rule on the constitutionality

Page 2 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING
            JURISDICTION

of Measure 114: "We emphasize that our decision has no bearing on the parties' respective positions as to any aspect of the underlying proceeding, including the merits of plaintiffs' complaint." *Arnold v. Kotek*, No. SC S069998 (Or. Feb. 9, 2023) (attached as Ex. A). Because of the Oregon Supreme Court's ruling, the state circuit court's injunctions will remain in effect until trial, which has not been scheduled.

Following a status conference on January 19, 2023, the Court ordered the parties "to submit briefing to address the issue of whether there would be any remaining case or controversy for this Court to adjudicate if the Oregon Supreme Court finds Ballot Measure 114 violates the Oregon Constitution." (ECF 108.) If the Oregon Supreme Court ultimately affirms a judgment concluding that Measure 114 violates the Oregon Constitution, plaintiffs' claims will be moot, and there will be no relief that this Court can issue. *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). The parties agree on this point. (ECF 73 at 1-2.)[1] Because the Oregon Supreme Court's decision on defendants' mandamus petition did not address the constitutionality of Measure 114, and is not a final disposition, this case is not moot.

In light of the Oregon Supreme Court's decision, however, plaintiffs have no basis to argue they face an immediate threat of irreparable harm, and this Court should delay consideration of their preliminary injunction motions. *Breswick & Co. v. Briggs*, 135 F. Supp. 397, 402 (S.D.N.Y. 1955) (where the conduct for which an injunction was sought had already been enjoined in another matter, "there is ... no need for an additional injunction issued in this

---

[1] Contrary to plaintiffs' position (ECF 114 at 2-4), nominal damages against defendants are barred by sovereign immunity. *See Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) ("Absent waiver by the State or valid congressional override, state sovereign immunity protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages.") (internal quotations omitted); *Horizon Christian Sch. v. Brown*, No. 21-35947, 2022 WL 17038695, at *3 (9th Cir., Nov. 17, 2022) (holding that nominal damages are not recoverable against a public official sued in her official capacity, distinguishing *Uzuegbunam*).

Page 3 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING
            JURISDICTION

proceeding."). For the same reason, this Court should allow its stay of the permit-to-purchase provisions of Measure 114 (ECF 70) to expire on its own terms.

Instead, because the state court injunctions will remain in effect until the state court trial, this Court should advance the trial on the merits of plaintiffs' claims in this matter and consolidate it with the preliminary injunction hearing. Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). The delay of the hearing need not be lengthy: the parties have already conducted substantial discovery and exchanged expert declarations. Defendants will confer with plaintiffs about this approach and, if appropriate, propose a revised schedule and trial date. Defendants will also continue to apprise this Court of developments in the state proceedings.

DATED this 9th day of February, 2023.

        ELLEN ROSENBLUM
        ATTORNEY GENERAL
        FOR THE STATE OF OREGON

By: *s/ Harry B. Wilson*
    Harry B. Wilson, OSB #077214
    HarryWilson@MarkowitzHerbold.com
    Hannah K. Hoffman, OSB #183641
    HannahHoffman@MarkowitzHerbold.com

    *Special Assistant Attorney General for Defendants*

    Brian Simmonds Marshall
    brian.s.marshall@doj.state.or.us
    *Of Attorney for Defendants*

1405745