Filed: February 9, 2023

IN THE SUPREME COURT OF THE STATE OF OREGON

JOSEPH ARNOLD, CLIFF
ASMUSSEN, GUN OWNERS OF
AMERICA, INC., and GUN
OWNERS FOUNDATION,

          Plaintiffs-Adverse Parties,

v.

TINA KOTEK, Governor of the
State of Oregon, in her official
capacity; ELLEN ROSENBLUM,
Attorney General of the State of Oregon,
in her official capacity; and TERRI DAVIE,
Superintendent of the Oregon State Police,
in her official capacity,

          Defendants-Relators.

(CC 22CV41008) (SC S069998)

En Banc

Original proceeding in mandamus.*

On petition for a writ of mandamus filed January 13, 2023; considered and under advisement on January 31, 2023.

Robert A. Koch, Assistant Attorney General, Salem, filed the petition and memorandum of law for defendants-relators. Also on the petition and memorandum were Benjamin Gutman, Solicitor General, and Ellen F. Rosenblum, Attorney General.

Tyler D. Smith, Tyler Smith & Associates PC, Canby, filed the memorandum in opposition for plaintiffs-adverse parties. Also on the memorandum was Tony L. Aiello, Jr., Canby.

PER CURIAM

The petition for a writ of mandamus is denied without prejudice. The motion for stay is dismissed as moot without prejudice.

*On petition for a peremptory or alternative writ of mandamus from two orders of the Harney County Circuit Court, Robert Raschio, Judge.

---

DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS

Prevailing party:  Plaintiffs-Adverse Parties.
[ X ]   No costs allowed.
[   ]   Costs allowed, payable by:
[   ]   Costs allowed, to abide the outcome on remand, payable to:

---

1       PER CURIAM

2       In this proceeding, the state asks that we issue a writ of mandamus directing
3  the trial court to vacate two preliminary orders entered in a declaratory judgment action.
4  Collectively, those orders temporarily restrained and enjoined the state from enforcing --
5  while the trial court action is ongoing -- Ballot Measure 114 (2022), which voters
6  approved at the November 2022 General Election.  We deny the state's petition for a writ.
7       Measure 114 makes several statutory changes pertaining to firearms.
8  Simply summarized, it requires a permit to purchase a firearm ("permit-to-purchase
9  requirement"); requires completion of a criminal background check before a firearm may
10 be purchased, acquired, delivered, or transferred ("background-check requirement"); and
11 imposes restrictions regarding "large-capacity" magazines ("large-capacity magazine
12 restrictions").[1]  After the election, plaintiffs filed the underlying declaratory judgment
13 action against three state defendants ("the state"), asserting that Measure 114 is
14 unconstitutional under Article I, section 27, of the Oregon Constitution.[2]  Plaintiffs also
15 sought preliminary relief, which the trial court granted in two orders.  The first was a
16 temporary restraining order that restrained the state from enforcing the permit-to-

---

[1] Measure 114 defines a "[l]arge-capacity magazine" as an ammunition feeding device (fixed or detachable), with a capacity of more than 10 rounds of ammunition (with other requirements and conditions).  The measure generally prohibits the manufacture, importation, possession, use, purchase, sale, or transfer of such large-capacity magazines.

[2] Article I, section 27, provides that "[t]he people shall have the right to bear arms for the defen[s]e of themselves, and the State, but the Military shall be kept in strict subordination to the civil power."

1

1  purchase requirement, together with the background-check requirement; by its terms, that

2  order will remain in place until the state notifies the court that the permit-to-purchase

3  requirement is ready to implement, at which point the court will hold a hearing (within 10

4  days) on plaintiffs' motion for preliminary injunctive relief.  The second was an order

5  granting preliminary injunctive relief as to the large-capacity magazine restrictions,

6  enjoining the state from enforcing those restrictions until a full hearing is held on

7  plaintiffs' complaint.

8         The state now asks that we issue a writ of mandamus directing the trial

9  court to vacate those two temporary and preliminary orders.  After considering the

10 current procedural posture of the underlying action, we decline to issue a writ.  We

11 emphasize that our decision has no bearing on the parties' respective positions as to any

12 aspect of the underlying proceeding, including the merits of plaintiffs' complaint.  *See*

13 *North Pacific v. Guarisco*, 293 Or 341, 346 n 3, 647 P2d 920 (1982) (so explaining).

14         Our decision today does not serve as a bar to any future challenge in this

15 court or otherwise on appeal.  Rather, at this juncture, and given our understanding that

16 the trial court is proceeding as expeditiously as possible to resolve the issues that the

17 parties have presented, we have determined that we should decline to exercise our

18 mandamus discretion at this time.  *See State ex rel Fidanque v. Paulus*, 297 Or 711, 717,

19 688 P2d 1303 (1984) (mandamus is an "extraordinary remedial process which is awarded

1  not as a matter of right, but in the exercise of a sound judicial discretion" (internal

2  quotation marks omitted)).[3]

3        We recognize that the legal status of Measure 114 is of significant concern

4  to many Oregonians.  Of course, it is the role of the judicial branch of government to

5  resolve disputes such as challenges to laws enacted by the legislative branch, which

6  includes the people exercising their initiative power.  *State ex rel. Carson v. Kozer*, 126

7  Or 641, 644, 270 P 513 (1928).  That resolution is underway in the trial court; our only

8  determination today is that now is not an appropriate time to exercise our authority in

9  mandamus in connection with the trial court's temporary and preliminary rulings.[4]

10        The petition for a writ of mandamus is denied without prejudice.  The

11  motion for stay is dismissed as moot without prejudice.

---

[3] We deny the state's petition for a writ of mandamus without prejudice as to the filing of any future petition for a writ filed in this court by any party, in relation to either (1) preliminary injunctive relief as to the large-capacity magazine restrictions; or (2) any other future ruling in the underlying proceeding.

[4] The state also filed a motion requesting that this court stay the trial court proceedings pending resolution of its mandamus petition.  Because we deny the petition for mandamus, we dismiss the motion to stay as moot, but again without prejudice, in the manner described in the preceding footnote.