James L. Buchal, OSB No. 921618          THE HONORABLE KARIN J. IMMERGUT
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:     503-227-1011
Fax:     503-573-1939
*Attorney for Plaintiffs*

Adam Kraut*
E-mail:  akraut@saf.org
SECOND AMENDMENT FOUNDATION
12500 N.E. Tenth Place
Bellevue, Washington 98005
Tel:  (800) 426-4302

William Sack*
E-mail:  Wsack@FPClaw.org
FIREARMS POLICY COALITION
5550 Painted Mirage Road STE 320
Las Vegas, NV 89149
Tel:  (916) 596-3492

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON~~PORTLAND~~ DIVISION

| | |
|---|---|
| DANIEL AZZOPARDI; SPORTSMAN'S WAREHOUSE, INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>ELLEN ROSENBLUM, in her official capacity as Attorney General of the State of Oregon; and TERRI DAVIE, in her official capacity as Superintendent of the Oregon State Police,<br><br>　　　　　　　Defendants. | Case No.  2:22-cv-01815-IM (Lead Case)<br>　　　　　　3:22-cv-01859-IM (Trailing Case)<br>　　　　　　3:22-cv-01862-IM (Trailing Case)<br>　　　　　　3:22-cv-01869-IM (Trailing Case)<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br><br>**(42 U.S.C. § 1983; Second Amendment)** |

Page 1:   FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
　　　　　INJUNCTIVE RELIEF

NOW COME the Plaintiffs, DANIEL AZZOPARDI and SPORTSMAN'S WAREHOUSE, INC., by and through undersigned counsel, and as for the Complaint against the ABOVE-CAPTIONED DEFENDANTS, state as follows:

## NATURE OF THE ACTION

1. The State of Oregon is poised to have a flat ban on firearm acquisition in the State while public officials work to implement a recently enacted initiative requiring individuals to have permits to purchase firearms. Unless and until the permit system is up and running, the permit requirement must be enjoined. Whether or not the permit requirement is unconstitutional as a facial matter ~~(a question which this suit does not address),~~ what certainly is unconstitutional is requiring a *non-existent* permit to exercise a fundamental constitutional right. If New York's may-issue permitting law was unconstitutional in *Bruen*, it necessarily follows that Oregon's current *cannot*-issue permitting law likewise is unconstitutional.

2. Even if Oregon's permitting system were functional, Plaintiff Azzopardi also maintains that it is unconstitutional as designed, because it erects serious barriers to the exercise of the Second Amendment right. In order to acquire a permit, an individual must complete a "firearms training course" that meets statutory criteria, pay a fee, and submit to a potentially lengthy background check process including fingerprinting by the state police. *Even if* those requirements are met, a permit may still be denied.

~~2.~~3.    This is an action to uphold the right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. The Second Amendment

Page 2:   FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
           INJUNCTIVE RELIEF

"guarantee[s] the individual right to possess and carry" firearms. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

3.4. In *McDonald v. City of Chicago*, 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment.

4.5. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022).

5.6. The Second Amendment's protection of "keep[ing]" and "bear[ing]" arms necessarily extends to the right to *acquire* firearms. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677 (9th Cir. 2017) (en banc); *see also Luis v. United States*, 578 U.S. 5, 26–27 (2016) (Thomas, J., concurring).

6.7. There is no historical tradition of outright banning the sale of all firearms.

7.8. Pursuant to Oregon Measure 114, on December 8, 2022 when it goes into effect, Oregon will require any individual seeking to acquire a firearm to first acquire a "permit to purchase." However, as of yet, Oregon *has no system* in place to grant permits to purchase. As a result, on December 8, 2022, and continuing until Oregon puts such a system in place, Measure 114 will effectively ban all firearm sales in Oregon.

Page 3: FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF

9. This flat ban on all sales is blatantly unconstitutional and if the Second Amendment is not to become "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees," *Bruen*, 142 S. Ct. at 2156 (quoting *McDonald*, 561 U.S. at 78), it must be enjoined by this Court.

8.10. Once it is effective, the permitting requirement will still fail constitutional scrutiny because of the way it burdens the right to acquire arms for lawful purposes. Indeed, there is no relevant historical tradition in this Country of requiring a permit to acquire a firearm.

## JURISDICTION AND VENUE

9.11. This Court has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 & 1343.

10.12. Plaintiffs seek remedies under 28 U.S.C. §§ 2201 & 22020 and 42 U.S.C. §§ 1983 & 1988.

11.13. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## PARTIES

12.14. Plaintiff Daniel Azzopardi is a natural person and a citizen of Yamhill County, Oregon. He is not disqualified from lawfully purchasing or possessing firearms and ammunition. Mr. Azzopardi regularly purchase firearms throughout the year and desires and intends to purchase multiple firearms. When Oregon's "permit-to-purchase" requirement becomes effective on December 8, 2022, he will no longer be able to legally purchase firearms without the new statutorily mandated purchase permit.

13.15. Plaintiff Sportsman's Warehouse, Inc. ("Sportsman's) is a publicly traded corporation, incorporated under the laws of Delaware, with its principal place of business

Page 4: FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
        INJUNCTIVE RELIEF

in Midvale, Utah.  Sportsman's is an outdoor sporting goods retailer which sells apparel, footwear, and gear related to hunting, shooting, camping, fishing, and other outdoor activities.  Sportsman's has eight stores in Oregon at which it sells firearms.  Because Oregon lacks a system for granting permits to purchase firearms, when Measure 114 goes into effect on December 8, 2022, Sportsman's will not be able to lawfully sell firearms at any of its Oregon stores.

14.16.  Defendant Ellen Rosenblum is sued in her official capacity as Attorney General of the State of Oregon.  As Attorney General, Defendant Rosenblum has the power to "advise and direct the district attorneys in all criminal causes and matters relating to state affairs in their respective counties" including in any prosecutions for violations of the laws challenged herein. ORS 180.060(5).

15.17.  Defendant Terri Davie is sued in her official capacity as Superintendent of the Oregon State Police.  As Superintendent, Defendant Davie oversees the state police force which has the power to enforce all criminal laws, including the laws challenged herein, throughout the state.  ORS 181A.080.

## THE LAWS AT ISSUE

16.18.  Under Measure 114, "before a firearm is delivered to a purchaser" by a licensed gun dealer, a purchaser must "present to the gun dealer . . . a valid permit issued under section 4 of this 2022 Act." *See* Measure 114 § 6(2)(a), *attached hereto as* Exhibit A.

17.19.  The same requirement applies equally to private transfers, *id.* § 7(3)(a), and transfers at "gun shows," *id.* § 9(1)(a)(A).

Page 5:   FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
            INJUNCTIVE RELIEF

20. Measure 114 also provides that in order to acquire a permit-to-purchase a firearm, individuals must apply to their local police chief or county sheriff (or a "permitting agent" designated by one of those officials). *Id.* § 4(1)(a). The application must be made in-person before the "permitting agent," *id.* § 4(1)(c), and requires being fingerprinted, photographed, submitting to a background check, and providing "additional information determined necessary by [State Police] rules," *id.* § 4(1)(b)(D), (1)(c) & (1)(e).

21. The application entails payment of a fee "reflecting the actual cost of the process" that cannot exceed $65 (or $50 for a renewal). *Id.* § 4(1)(b)(E), (3)(b) & (7)(c).

22. Applicants must also complete an approved "firearm safety course," which must include an "[i]n-person demonstration of the applicant's ability to lock, load, unload, fire and store a firearm before an instructor certified by a law enforcement agency." *Id.* § 5(8)(c)(C).

~~18.~~23. The $65 fee does not cover the cost of this required course, which is also borne by the applicant. The Oregon State Sheriffs' Association currently offers an online-only class (which does not satisfy the live-fire demonstration requirement) which costs $60 to complete and receive a certificate. *See Oregon CHL and Permit to Purchas Safety Training*, OR. STATE SHERIFFS' ASSOC., *available at* https://oregonchl.org/ (last visited May 7, 2023). If an individual opts to complete a concealed handgun license training course in satisfaction of the training requirement, *see* Act § 4(8)(d), it can cost considerably more. *See, e.g.*, *Oregon Concealed Handgun (Live Fire)*, TRAINING SOLUTIONS INT'L, *available at* https://bit.ly/42ef94O (last visited May 7, 2023) (charging

Page 6:  FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
         INJUNCTIVE RELIEF

$150). And even if he is able to pay, it is not clear how an individual without a firearm could complete such a course (which requires attendees to bring a handgun). *Id.*

24. Measure 114 charges the State Police with creating standardized application forms, and a form in quadruplicate to be used by permitting agents in issuing permit and permits the State Police to "adopt rules to carry out the provisions of this section." *Id.* § 4(a).

~~19.~~25. Even if an individual completes the required training course and passes the required background check, the permitting agent still has discretion to deny them a license if he determines that they are "reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state." *Id.* §§ 4(1)(b)(C), 5(2).

~~20.~~26. The permitting agent is required to issue a permit to purchase within 30 days of receiving an application for one, provided the agent has verified that the applicant is eligible under the terms of the Measure. *Id.* § 4(3)(a).

~~21.~~27. Anyone who sells a firearm to a purchaser who does not have a valid permit-to-purchase commits a misdemeanor punishable by up to 364 days imprisonment and fines of up to $6,250. *Id.* §§ 6(14), 7(5)(a), & 9(5)(a); ORS 161.615; ORS 161.635.

## STATEMENT OF FACTS

~~22.~~28. Measure 114 goes into effect on December 8, 2022. Oregon State Police, *Oregon State Police Firearms Instant Check System (FICS) Update – Oregon*, https://bit.ly/3TZYw7Y (Nov. 16, 2022).

~~23.~~29. The State Police issued a statement that it is "working very closely with the Department of Justice, the Oregon State Sheriffs' Association and the Oregon

Page 7:  FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
          INJUNCTIVE RELIEF

Association Chiefs of Police to assess the required processes that need to be completed to implement this law." *Id.*

24.    However, as of yet, the State Police has *not* issued a form on which applications can be made, *nor* has it created a form on which permits may be granted, and it has promulgated *no* rules to carry Measure 114 into effect.

25.    The State Police has not stated what "additional information," if any, will be required from applicants in addition to the information specified in Measure 114.

26.30.  Regarding the required training courses, there has been no guidance on who will qualify as an instructor "certified by a law enforcement agency" to provide the course, and there is significant uncertainty that an individual who does not yet own a firearm could complete a course requiring a live-fire demonstration *with* a firearm. *See* Measure 114 §4(8)(c)(D).

27.31.  In effect, Oregon has created a requirement of a permit, but it has not created a system for acquiring a permit.  *See* Hannah Ray Lambert, *Hunters fear 'end of firearm sales' until Oregon creates gun permit system*, FOX NEWS, https://fxn.ws/3OFtIIN (Nov. 18, 2022).

32.    The threat of enforcement of Measure 114, combined with *no existing avenue* for compliance with that law, will effectively shut down the market for firearms in Oregon on December 8, 2022 when it goes into effect.

28.33.  And even if, by the time it becomes effective, some avenue for compliance exists, the permitting system prescribed by Measure 114 unconstitutionally burdens the right to bear arms. Indeed, requiring a permit to acquire a firearm is flatly unconstitutional under *Bruen*.

Page 8:  FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
         INJUNCTIVE RELIEF

~~29.~~ 34.  Daniel Azzopardi is a law-abiding, responsible, adult resident of Yamhill County, Oregon.

~~30.~~ 35.  In the intervening time between the passage of Measure 114 and its enactment, Mr. Azzopardi has attempted to purchase firearms but has found that dramatic increases in demand have caused serious background check delays and inventory unavailability that have made his purchases impossible.

~~31.~~ 36.  Mr. Azzopardi desires and intends to purchase additional firearms after December 8, 2022.

37.  Because Oregon has not established the relevant infrastructure ~~, application process or approved training requirement curriculum~~ to apply for and receive a purchase permit, Azzopardi will be categorically prohibited from lawfully purchasing firearms after ~~December 8, 2022~~ the law goes into effect.

~~32.~~ 38.  Once Oregon establishes the required infrastructure for granting permits, the permit-to-purchase requirement will still unconstitutionally burden Azzopardi's right to purchase firearms.

~~33.~~ 39.  Sportsman's is a firearms retailer with eight locations in Oregon. Sportsman's has retail locations in Multnomah, Washington, Jackson, Douglas, Marion, Deschutes, Linn, and Klamath Counties.  Sportsman's is a publicly traded company.

~~34.~~ 40.  Each Sportsman's location in Oregon is a federally licensed firearm dealer.  Last year, Sportsman's sold tens of thousands of firearms in the state, generating tens of millions of dollars in revenue.

~~35.~~ 41.  It is Sportsman's present intention and desire to continue to sell firearms in Oregon.  However, once Measure 114 becomes effective ~~on December 8, 2022~~,

Page 9:   FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
          INJUNCTIVE RELIEF

Sportsman's will have to cease selling firearms at all of its locations within Oregon. As a result, it will lose profits from sales of firearms as a direct result of Measure 114.

36.42.  In addition to risking prosecution, Sportsman's could also lose its federal firearms license if it were to sell firearms in violation of Measure 114.

37.43.  As a vendor that is harmed by Measure 114, Sportsman's challenges the ban to vindicate the Second Amendment protected rights of itself and its customers. *See Teixeira*, 873 F.3d at 678; *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011).

## COUNT I

(*On behalf of all Plaintiffs. As-applied, Measure 114 is Unconstitutional Under the Second and Fourteenth Amendments to the United States Constitution.*)

38.44.  The foregoing paragraphs are hereby reincorporated herein as if set forth in full.

39.45.  The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

40.46.  Without a permitting system in place, Measure 114 functions as an outright ban on the purchase of firearms in Oregon.

41.47.  An outright ban on purchasing firearms violates the Second Amendment by prohibiting all Oregon residents from acquiring firearms and denying them the fundamental right to keep and bear arms.

42.48.  An outright ban on selling firearms violates the Second Amendment by prohibiting retailers from engaging in commerce necessary for individuals to exercise

Page 10: FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF

their fundamental right to keep and bear arms. *Cf. Planned Parenthood of Central Missouri v. Danforth*, 428 U.S. 52, 62 (1976).

49. These restrictions are without historical analogue and must be invalidated under the Second and Fourteenth Amendments.

## COUNT II

*(On behalf of Plaintiff Azzopardi. Measure 114 is Facially Unconstitutional Under the Second and Fourteenth Amendments to the United States Constitution.)*

50. The foregoing paragraphs are hereby reincorporated herein as if set forth in full.

51. Measure 114's permit-to-purchase requirement violates the Second Amendment by imposing unconstitutional delays on the purchase of firearms by law-abiding citizens, denying them the fundamental right to keep and bear arms. Indeed, there is no historical support for requiring a permit to acquire a firearm.

52. Even if permitting were constitutional as a general matter (and it is not) the permitting system created by Measure 114 would still violate the Second Amendment by, for example, allowing permitting agents discretion to deny licenses even to those individuals who have completed the required training course and passed a background check.

53. And Measure 114's requirement that an individual pay a fee to the State, as well as pay for and participate in an approved training course, before being able to purchase a firearm violates the Second Amendment by burdening the right to acquire arms in a way that has no analogue at the Founding.

54. These restrictions are without historical analogue and must be invalidated under the Second and Fourteenth Amendments.

43.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants as follows:

a. As to all Plaintiffs, declare that as long as Measure 114 lacks a system implementing the permitting requirement and functions as a de facto ban on firearm sales in Oregon it violates the right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

b. As to Plaintiff Azzopardi, declare that Measure 114 is facially unconstitutional and violates the right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

c. Enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing the provisions of the Act and all related laws, regulations, policies, practices, and customs that would impede or criminalize the exercise of the right to keep and bear arms;

d. Pursuant to 42 U.S.C. § 1988 award costs and attorneys' fees and expenses to the extent permitted; and

e. Grant any and all other equitable and/or legal remedies as this Court may see fit.

Page 12: FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Dated: ~~December 2~~May __, ~~2022~~2023.

Respectfully submitted,

*s/ James L. Buchal*
James L. Buchal, OSB No. 921618
E-mail: jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR 97286
Tel: 503-227-1011

Adam Kraut*
PA Bar No. 318482
E-mail: akraut@saf.org
SECOND AMENDMENT FOUNDATION
12500 N.E. Tenth Place
Bellevue, Washington 98005
Tel: (800) 426-4302

William Sack*
PA Bar No. 325863
E-mail: Wsack@FPClaw.org
FIREARMS POLICY COALITION
5550 Painted Mirage Road STE 320
Las Vegas, NV 89149
Tel: (916) 596-3492

*~~Admited~~Admitted *Pro Hac Vice* ~~Application Forthcoming~~

*Attorneys for Plaintiffs*

Page 13: FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF