# Deposition of Brian E. Pixley

# Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)

# April 26, 2023




**206.287.9066 l 800.846.6989**

**1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101**

**www.buellrealtime.com**

email: info@buellrealtime.com



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al., | Civil No. 2:22-cv-01815-IM (Lead Case) |
| Plaintiffs, | |
| v. | |
| TINA KOTEK, et al., | Civil No. 3:22-cv-01859-IM (Trailing Case) |
| Defendants. | |
| (Continued) | Civil No. 3:22-cv-01862-IM (Trailing Case) |
| | Civil No. 3:22-cv-01869-IM (Trailing Case) |

* VIDEOCONFERENCE *

DEPOSITION UPON ORAL EXAMINATION

OF

BRIAN E. PIXLEY

Witness located in:
Scappoose, Oregon

* All participants appeared via videoconference *

DATE TAKEN: April 26, 2023
REPORTED BY: Tia B. Reidt, Washington RPR, CCR #2798
Oregon #22-0001

(continued)

MARK FITZ, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants.

KATERINA B. EYRE, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants,

and

OREGON ALLIANCE FOR GUN SAFETY,

Intervenor-Defendant.

DANIEL AZZOPARDI, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants.





f5950d9c-8c39-4b58-ab19-e6513dd666bb

APPEARANCES

* All participants appeared via videoconference *

For Oregon Firearms Federation:

LEONARD WILLIAMSON
VAN NESS WILLIAMSON
960 Liberty Street SE, Suite 100
Salem, OR 97302
(503) 365-8800
L.williamson@vwllp.com

For the State of Oregon Defendants:

HARRY WILSON
MARKOWITZ HERBOLD
1455 SW Broadway, Suite 1900
Portland, OR 97201
(503) 972-5076
HarryWilson@markowitzherbold.com

Videographer:

MELODY SORENSEN
BUELL REALTIME REPORTING
1325 Fourth Avenue, Suite 1840
Seattle, WA 98101
(206) 287-9066
Info@buellrealtime.com

Also Present:

Sarah Hanson

* * * * *

EXAMINATION INDEX


| EXAMINATION BY: | PAGE |
|---|---|
| Mr. Wilson | 6, 77 |
| Mr. Williamson | 73 |


EXHIBIT INDEX


| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| EXHIBIT 107 | Oregon Firearms Federation Plaintiffs' Second Amended Complaint For Declaratory and Injunctive Relief. | 25 |
| EXHIBIT 108 | Columbia County Oregon Sheriff Concealed Handgun Licensing. | 44 |
| EXHIBIT 109 | Columbia County Oregon Sheriff's office Concealed Handgun License Application. | 44 |
| EXHIBIT 110 | Measure 114 | 47 |
| EXHIBIT 111 | Oregon State Sheriffs' Association CHL & Purchase Permit Course. | 54 |
| EXHIBIT 112 | Oregon Concealed Handgun Licensing. | 54 |
| EXHIBIT 113 | Guidelines and Recommendations for Administering the "In-Person Demonstration" Requirement of Oregon Ballot Measure 114 (BM114). | 59 |

whatsoever of any concern raised by any of your insurers about Measure 114?

A. They always have concerns. But, no, nothing specific.

Q. Fair enough.

Okay. The sixth -- I don't remember what number I'm on.

One of the other components of Measure 114 is that your office must make a determination about whether a person is a danger to themselves or others. And just for reference, this is found on page 2 of the Measure 114 handout. And it's what is labeled as big C --

A. Page 2, you said?

Q. The first big C on page 2.

A. Okay.

Yes, sir.

Q. Okay.

"Does not present reasonable grounds for a permit agent to conclude that the applicant has been or is reasonably likely to be a danger to self or others.

Sheriff, is that provision similar to the CHL requirement?

A. Yeah, I believe so, yes.

Q. In the CHL context, your office makes a

determination as to whether an individual may present a danger to themselves or others; correct?

A. Yes.

Q. Sheriff, how does -- how do you -- how are your employees trained to make that determination?

A. Well, they attend CHL schools, which help identify some of those things. But, ultimately, when they have any questions, they bring it to my attention, and I make the determination.

Q. My understanding is there's also some -- there's an OSSA civil manual that has some guidance on CHL; is that correct?

A. Yes.

Q. And do your employees have the ability to look at and reference that manual?

A. Yes.

Q. To your knowledge, do they use that manual to assist in issuing and determining whether CHLs should be issued?

A. Yes.

Q. When it comes to making a determination about whether an individual presents reasonable grounds to conclude that they may be a danger to themselves or others, do you believe that you have the resources, ability, and authority to do that?

A. Yes. Not all contained within my office. I rely on several outside sources before I make that determination, but yes.

Q. What outside sources do you find to be of assistance?

A. Court documents, family -- statements from family, statements from doctors or medical providers. I typically run a -- have a conversation with my county counsel, and I kind of use -- get all -- take all of that information in and make a determination based on that.

Q. Do you see any substantive difference between the CHL requirement that you and your office determine whether someone is a danger to self or others and the Measure 114 requirement that you or your office make a determination as to someone -- whether someone presents a danger to self or others?

A. No.

Q. One of the other things that Measure 114 allows is for your office to collect a fee to process the application?

A. Yes.

Q. And that fee is, under the measure, capped at $65.

Do you understand that -- at least to your

C E R T I F I C A T E

STATE OF WASHINGTON
COUNTY OF PIERCE

I, Tia Reidt, a Certified Court Reporter in and for the State of Washington, do hereby certify that the foregoing transcript of the deposition of BRIAN E. PIXLEY, having been duly sworn, on April 26, 2023, is true and accurate to the best of my knowledge, skill and ability.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 2nd day of May, 2023.

NDTCA Signed Electronic Transcript

/S/ Tia B. Reidt
Tia B. Reidt,
NOTARY PUBLIC, State of
Washington.
My commission expires
5/15/2026.