IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON FIREARMS FEDERATION, et al.**,<br><br>       Plaintiffs,<br><br>    v.<br><br>**TINA KOTEK, et al.**,<br><br>       Defendants.<br>_____<br>**MARK FITZ, et al.**,<br><br>       Plaintiffs,<br><br>    v.<br><br>**ELLEN F. ROSENBLUM, et al.**,<br><br>       Defendants.<br>_____<br>**KATERINA B. EYRE, et al.**,<br><br>       Plaintiffs,<br><br>    v. | Case No. 2:22-cv-01815-IM (Lead Case)<br>            3:22-cv-01859-IM (Trailing Case)<br>            3:22-cv-01862-IM (Trailing Case)<br>            3:22-cv-01869-IM (Trailing Case)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

1 – ORDER

| **ELLEN F. ROSENBLUM, et al.**, |   |
|---|---|
| Defendants. |   |
| **DANIEL AZZOPARDI, et al.**, |   |
| Plaintiffs, |   |
| v. |   |
| **ELLEN F. ROSENBLUM, et al.**, |   |
| Defendants. |   |

**IMMERGUT, District Judge.**

Before this Court is Defendants' Motion for Partial Summary Judgment, ECF 163, as well as Plaintiffs' Motion for Summary Judgment, ECF 165. Defendants seek summary judgment on Plaintiffs' facial challenges to Oregon Ballot Measure 114's ("BM 114") permitting provisions, and dismissal of Plaintiffs' as-applied challenges to the same. ECF 163 at 2. Plaintiffs seek summary judgment on all six of their claims against Defendants: a Second Amendment challenge to BM 114's permitting provisions (Claim One), a Fourteenth Amendment challenge to BM 114's permitting provisions (Claim Two), a Second Amendment challenge to BM 114's restrictions on large-capacity magazines ("LCMs") (Claim Three), a Fifth Amendment challenge to BM 114's restrictions on LCMs (Claim Four), a Fourteenth Amendment challenge to BM 114's restrictions on LCMs based on retroactivity (Claim Five), and a Fourteenth Amendment challenge to BM 114's restrictions on LCMs based on vagueness (Claim Six). ECF 165 at 1–6.

Finding that this case implicates important and unsettled questions of law, this Court exercises its discretion to deny both Defendants' and Plaintiffs' motions. This Court additionally

2 – ORDER

finds that the record contains genuine disputes of material fact, which would benefit from full development through trial. Accordingly, Defendants' and Plaintiffs' Motions are DENIED.[1]

## BACKGROUND

The factual background of this consolidated action is set forth in this Court's prior Opinion and Order denying Plaintiffs' Emergency Motion for a Temporary Restraining Order, ECF 39, and this Court assumes the parties' familiarity with those facts. Following this Court's denial of Plaintiffs' motions for a temporary restraining order, this Court consolidated the four related cases challenging the legality BM 114, ECF 62, and set this matter for an expedited trial on the merits, ECF 139. A bench trial is set to begin on June 5, 2023. ECF 156.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). While a court must view the evidence in the light most favorable to the non-movant, a court "need not draw *all* possible inferences in [the non-movant's] favor, but only all *reasonable* ones." *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 n.10 (9th Cir. 2002) (citing *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1466–67 (9th Cir. 1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are not

---

[1] This Court has determined that oral argument is not necessary for disposition of the parties' motions. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998) (district court can decide summary judgment without oral argument if parties have an opportunity to submit their papers to the court); *see also* L-R 7-1(d)(1).

3 – ORDER

appropriate at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

### A. *Bruen*'s Legal Framework

As a threshold matter, it is essential to clarify the legal framework under which Plaintiffs' Second Amendment challenges to BM 114's permitting provisions and LCM ban must be analyzed following the Supreme Court's decision in *New York Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). As this Court previously stated in its Opinion and Order denying Plaintiffs' Emergency Motion for a Temporary Restraining Order, *Bruen* dispensed with the two-step, means-end test to assess the constitutionality of firearms regulations followed by courts in the wake of *District of Columbia v. Heller*, 554 U.S. 570 (2008). ECF 39 at 15. Instead, *Bruen* creates a different two-step analysis, one rooted in the "Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126.

The first step in assessing whether a regulation violates the Second Amendment under *Bruen* is to determine whether the plain text of the Second Amendment covers the conduct regulated by the challenged law. *Id.* If a court finds that the conduct at issue is covered by the plain text of the Second Amendment—which includes finding that the weapon in question is "in common use today for self-defense"—then the Constitution presumptively protects that conduct. *Id.* at 2126, 2134 (internal quotation marks omitted). The government must then affirmatively prove, under *Bruen*'s second step, that the challenged regulation is consistent with the historical tradition of firearm regulation. *Id.* at 2130.

Plaintiffs, in their Motion for Summary Judgment, argue that if this Court finds that LCMs are in common use for lawful purposes today, this Court should end its analysis and need not inquire into whether the challenged regulations are "consistent with the historical tradition of

firearm regulation." ECF 165 at 38. Citing to *Bruen*'s observation that "the traditions of the American people . . . demand[] our unqualified deference," *Bruen*, 142 S. Ct. at 2131, Plaintiffs argue that "the tradition . . . that law-abiding citizens may keep and bear arms that are commonly possessed for self-defense . . . forecloses the state's effort to ban these commonly possessed arms." ECF 165 at 38.[2] Under Plaintiffs' formulation, a court need not consider historical evidence in considering any regulation on commonly used firearms, ECF 165 at 38; *see also* ECF 161 at 17.[3]

This Court disagrees with Plaintiffs' interpretation. As the Supreme Court made clear in *Bruen*, "when the Second Amendment's plain text covers an individual's conduct, the Constitution *presumptively protects* that conduct. *To justify its regulation*, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 142 S. Ct. at 2126. (emphasis added). Thus, while a finding that the use of a certain

---

[2] This Court notes that portions of *Bruen* to which Plaintiffs cite to support their argument appear in the Supreme Court's historical analysis, which supports this Court's reading of *Bruen* as requiring a court to consider both whether a firearm is commonly used for lawful purposes such as self-defense and whether the challenged regulation comports with historical tradition. *See New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 2131 (2022). Plaintiffs also selectively quote *Bruen*, and this Court notes that the full context of Plaintiffs' citation occurs within a discussion about "judicial deference to legislative interest balancing" and therefore does not stand for the proposition that courts must give "unqualified deference" to firearms that are in common use today for self-defense. *Id.*

[3] This Court notes that while Plaintiffs advance this interpretation of *Bruen* in their Motion for Summary Judgment, ECF 165, and Proposed Pretrial Order, ECF 161, they appear to concede that *Bruen* requires more than simply a finding that a firearm is currently in common use in their *Daubert* Motions, ECF 177 at 9. There, Plaintiffs acknowledge that "the underlying [Second Amendment] substantive law is set by *Bruen*, which prescribes *two inquiries*: [1] whether 'the Second Amendment's plain text covers an individual's conduct'; and [2] whether 'the regulation is consistent with this Nation's historical tradition of firearm regulation.'" *Id.* (internal citation omitted) (emphasis added).

5 – ORDER

firearm is covered by the Second Amendment—which includes a finding that the firearm is in common use for self-defense—creates a presumption of constitutionality under *Bruen*, that presumption can be overcome if the government affirmatively demonstrates that the challenged regulation is consistent with history and tradition.

This interpretation is supported by the analysis conducted in *Bruen* itself. There, the Supreme Court found that "handguns are weapons 'in common use' today for self-defense," and are therefore presumptively protected by the Second Amendment. *Id.* at 2134–35. But the Supreme Court did not end its inquiry with that finding alone. Instead, the Supreme Court proceeded to the second step of the analysis and considered whether historical firearm regulations were analogous to the challenged regulation. *See id.* at 2143. Ultimately, the Supreme Court found that those historical laws did not illustrate a "historical tradition of firearm regulation" like the kind that New York imposed on its citizens. *Id.* at 2156. But the Supreme Court based that holding on its analysis of the historical evidence—not on its finding that handguns are in common use for self-defense.

This Court acknowledges that *Bruen* considered the constitutionality of a firearm permitting scheme, as opposed to regulations on the type of firearm that can be carried. But nothing in the language of *Bruen* persuasively suggests that the new analytical framework articulated by the Supreme Court applies only to permitting schemes or that the constitutional inquiry shifts depending on the type of regulation at issue. Instead, *Bruen* stated that the test applies to "*firearm* regulation" generally. *Id.* at 2126 (emphasis added). Accordingly, under *Bruen*, this Court must decide first, whether LCMs actually are in common use today for lawful purposes such as self-defense and, second, whether historical tradition supports the challenged regulation.

6 – ORDER

At least one other court to confront this argument post-*Bruen* has reached the same conclusion that this Court reaches today. In *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dept. of Safety and Homeland Sec.*, the plaintiffs argued that a finding that LCMs and assault weapons were "in common use" within the meaning of the Second Amendment meant that those firearms could not be regulated and that "no historical analysis is necessary." --- F. Supp. 3d ---, 2023 WL 2655150, at *9 (D. Del. Mar. 27, 2023). The court disagreed, finding that the Supreme Court "made clear" in *Bruen* that "'the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" *Id.* (quoting *Bruen*, 142 S. Ct. at 2129–30). This Court agrees with the court's analysis in *Delaware State Sportsmen's Ass'n, Inc.* and concludes that whether a weapon is in common use for lawful purposes such as self-defense today is the first question—not the only question—that a court must consider under *Bruen*. Accordingly, in considering Plaintiffs' Second Amendment challenge, this Court will assess, first, whether Plaintiffs' conduct is covered by the Second Amendment, and if so, whether Defendants have demonstrated that BM 114 is consistent with this Nation's historical tradition of firearm regulation.

**B. The Parties' Motions for Summary Judgment**

Although Rule 56 states that a court may "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), a court is not required to grant summary judgment even where it appears that there are no genuine issues of material fact.[4] *See* Fed. R. Civ. P. 56

---

[4] Plaintiffs argue in their reply briefing, for instance, that Defendants have forfeited the issue of BM 114's background check provisions by failing to substantively address those

Advisory Committee's Note on 2007 Amendments ("It is established that although there is no discretion to enter summary judgment when there is a genuine issue of material fact, there *is* discretion to *deny* summary judgment when it appears that there is no genuine issue as to any material fact.") (emphasis added). Courts should exercise caution when considering a Rule 56 motion where the case presents complex issues of law or fact, or important or unsettled questions of law. *Petition of Bloomfield S. S. Co.*, 298 F. Supp. 1239, 1242 (S.D.N.Y. 1969), *judgment aff'd*, 422 F.2d 728 (2d Cir. 1970); *see also Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256–57 (1948); *Eby v. Reb Realty, Inc.*, 495 F.2d 646, 649 (9th Cir. 1974). Summary judgment may also be properly denied out of pragmatic concerns for judicial efficiency, particularly where the judicial time and effort necessary to perform thorough analysis of the facts as a prerequisite to summary judgment would equal or exceed the time and effort necessary for trial and decision. *See Petition of Bloomfield S. S. Co.*, 298 F. Supp. at 1242.

This Court finds that pragmatic concerns weigh in favor of exercising discretion to deny the parties' respective motions for summary judgment.[5] First, this case implicates complex issues of fact, ranging from the historical uses and prevalence of certain weapons to the functional similarities between the earliest firearms capable of firing more than ten rounds of ammunition without reloading and the LCMs of modern-day use. As evidenced by the parties' pre-trial

---

arguments in their response brief. ECF 211 at 1. Typically, a party waives arguments by failing to raise those in responsive briefing. *See Samica Enters. LLC v. Mail Boxes Etc., Inc.*, 460 F. App'x 664, 666 (9th Cir 2011) ("Arguments not raised in opposition to summary judgment . . . are waived."). Nonetheless, this Court retains discretion to deny summary judgment even in situations where there is no dispute of material fact.

[5] This Court notes that Defendants bring both a motion for summary judgment as to Plaintiffs' facial challenges to BM 114's permitting provisions, as well as a motion to dismiss Plaintiffs' as-applied challenges. This Court finds that the reasons that support denial of Defendants' motion for summary judgment apply with equal force to Defendants' motion to dismiss.

motions in which both sides vigorously contest the methodologies employed by each side's respective experts, the answers to these questions will require this Court to consider not only the evidence put forth by either side, but the methods employed in collecting that evidence and the potential bias involved in interpreting that evidence. *See, e.g.*, ECF 171 (challenging Plaintiffs' use of a survey on LCM ownership and use due to methodology); ECF 177 (challenging the anticipated testimony of Defendants' expert based on methodological choices). That task inherently involves assessing credibility and weighing evidence, both of which are inappropriate on a motion for summary judgment. *See Anderson*, 477 U.S. at 255.

Second, this case implicates both important and unsettled questions of law. Only a handful of courts across the country have issued opinions interpreting prohibitions on LCMs or certain permitting schemes in the wake of the Supreme Court's decision in *Bruen*, and those decisions have been rendered on motions for a preliminary injunction. *See, e.g.*, *Ocean State Tactical, LLC v. State of Rhode Island*, No. 22-CV-246 JJM-PAS, 2022 WL 17721175, at *16 (D.R.I. Dec. 14, 2022); *Hanson v. D.C.*, No. 22-2256 (RC), 2023 WL 3019777, at *17 (D.D.C. Apr. 20, 2023); *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, No. CV 22-951-RGA, 2023 WL 2655150, at *13 (D. Del. Mar. 27, 2023); *Bevis v. City of Naperville, Illinois*, No. 22 C 4775, 2023 WL 2077392, at *16 (N.D. Ill. Feb. 17, 2023); *Herrera v. Raoul*, No. 23 CV 532, 2023 WL 3074799, at *7 (N.D. Ill. Apr. 25, 2023); *Barnett v. Raoul*, No. 3:23-cv-00209-SPM, 2023 WL 3160285, at *11 (N.D. Ill. Apr. 28, 2023). Given the novelty and importance of the legal issues presented, this Court finds that the determinations this Court is required to make in this case are more properly reached after the benefit of a full trial rather than on a motion for summary judgment.

Third, this Court notes that it has set this matter for an expedited trial on the merits and that the parties have already filed numerous pre-trial documents, including a joint Proposed Pretrial Order, trial briefs, exhibit lists, witness lists, motions in limine, and *Daubert* motions. *See* ECFs 167–181. Indeed, Plaintiff's style their Motion for Summary Judgment as a trial brief in the alternative, ECF 165 at 1, and Defendants rely heavily on their own trial brief in their response to Plaintiffs' motion, ECF 185 at 2. Given the overlap between the parties' cross-motions for summary judgment and the issues to be decided at trial, this Court finds that the time and effort necessary to perform the summary judgment analysis would likely equal, if not exceed, the time requested for trial. *See Kennedy*, 334 U.S. at 256 (noting that summary judgment may not be appropriate in situations where the case "comes . . . almost in the status in which it should come to a trial court."). This Court further finds that, since it has set the matter for expedited trial on the merits, no party will suffer prejudice from undue delay.

Finally, this Court notes that many of Plaintiffs' claims do indeed depend on disputed facts that this Court finds to be material to the outcome. For instance, the threshold question of whether BM 114's restrictions on LCMs involve conduct covered by the plain text of the Second Amendment requires this Court to consider evidence of the prevalence of LCMs in modern day society as well as their usage. The parties agree that LCMs are owned and possessed by millions of Americans, ECF 161 at ¶¶ 5, 49, but do not agree that LCMs are commonly used for lawful purposes such as self-defense, *id.* at 20; *see also* ECF 166-8, Ex. H at 10; ECF 185 at 11. The parties also present competing factual evidence regarding the commonality and use of firearms capable of firing more than ten rounds of ammunition without reloading throughout history. *Compare* ECF 165 at 43 with ECF 185 at 11. These are central questions that this Court must

answer in determining the constitutionality of BM 114's restrictions on LCMs, making these disputed facts highly material.

The constitutionality of BM 114's permitting provisions also involve disputed issues of material fact. Whether the proposed fee associated with the permit-to-purchase provision is reasonable, for instance, is a disputed fact that would require this Court to weigh evidence of what constitutes a "reasonable" fee. Such weighing of evidence is not appropriate on summary judgment, particularly considering that there is no evidence currently in the record regarding what BM 114's permit-to-purchase fee will be. ECF 185 at 8. Moreover, the parties—through the deposition testimony of various witnesses—vigorously dispute the extent to which Defendants are currently prepared to implement the permitting provisions of BM 114. *Compare* 165 at 24–25 *with* ECF 185 at 8.

A trial court may deny summary judgment "in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 257 (citing *Kennedy*, 334 U.S. at 256). This case implicates novel questions of law as well as issues of public importance, which the Ninth Circuit has cautioned against deciding on summary judgment "unless it is clear that more complete factual development could not possibly alter the outcome[.]" *TransWorld Airlines, Inc. v. Am. Coupon Exchange, Inc.*, 913 F.2d 676, 684 (9th Cir. 1990). This Court finds that any judgment entered in this case will benefit from the full presentation of evidence offered at trial and denies summary judgment for both parties.

//
//
//

11 – ORDER

## CONCLUSION

For the foregoing reasons, this Court DENIES Defendants' Motion for Partial Summary Judgment and Motion to Dismiss, ECF 163, and DENIES Plaintiffs' Motion for Summary Judgment, ECF 165.

**IT IS SO ORDERED.**

DATED this 26th day of May, 2023.

        /s/ Karin J. Immergut
        Karin J. Immergut
        United States District Judge