IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON FIREARMS FEDERATION, et al.**, | Case No. 2:22-cv-01815-IM (Lead Case) |
| | 3:22-cv-01859-IM (Trailing Case) |
| Plaintiffs, | 3:22-cv-01862-IM (Trailing Case) |
| | 3:22-cv-01869-IM (Trailing Case) |
| v. | |
| **TINA KOTEK, et al.**, | **ORDER REVISING DENIAL OF DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS** |
| Defendants. | |
| **MARK FITZ, et al.**, | |
| Plaintiffs, | |
| v. | |
| **ELLEN F. ROSENBLUM, et al.**, | |

1 – ORDER

          Defendants.

_____

**KATERINA B. EYRE, et al.**,

          Plaintiffs,

    v.

**ELLEN F. ROSENBLUM, et al.**,

          Defendants.

_____

**DANIEL AZZOPARDI, et al.**,

          Plaintiffs,

    v.

**ELLEN F. ROSENBLUM, et al.**,

          Defendants.

_____

**IMMERGUT, District Judge.**

      Plaintiffs in these consolidated cases challenge the constitutionality of Oregon Ballot Measure 114 ("BM 114"), including its permitting provisions and restrictions on large-capacity magazines ("LCMs"). ECF 67; ECF 158; ECF 193-1. Plaintiffs in *Azzopardi et al. v. Rosenblum et al.* ("Azzopardi Plaintiffs) specifically bring both an as-applied and facial challenge to BM

2 – ORDER

114's permitting provisions, ECF 193-1 at ¶¶ 44–49, 50–54, while the Plaintiffs in *Oregon Firearms Federation et al. v. Kotek et al.* and in *Eyre et al. v. Rosenblum et al.* bring only a facial challenge to the permitting provisions, ECF 67 at ¶¶ 83–98; ECF 158 at ¶¶ 118–133.[1]

On May 12, 2023, Defendants and Plaintiffs both moved for summary judgment. ECF 163; ECF 165. Plaintiffs moved for summary judgment on all six of their consolidated claims, ECF 165, while Defendants moved for a more limited judgment, requesting that this Court enter judgment in Defendants' favor on Plaintiffs' facial challenges to BM 114's permitting provisions and dismiss Plaintiffs' as-applied challenges to the same as unripe, ECF 163. This Court denied both motions on May 26, 2023, finding that because the case presents complex and novel questions of law, this Court would benefit from a more fully-developed evidentiary record created through trial. ECF 216 at 2–3.[2] This matter is set for a five-day bench trial to begin on June 5, 2023. ECF 139.

On May 30, 2023, this Court held a Pretrial Conference with the parties, wherein the parties clarified both their legal positions regarding Plaintiffs' challenges to BM 114's permitting provisions and their intentions with respect to evidence regarding these claims at trial. In light of the issues discussed at the hearing, this Court finds it appropriate to clarify the type of evidence it will receive regarding Plaintiffs' facial challenge to BM 114's permitting provisions and to

---

[1] The Plaintiffs in *Fitz et al. v. Rosenblum et al.* only challenge BM 114's restrictions on large-capacity magazines. ECF 1 at ¶¶ 57–63, *Fitz et al. v. Rosenblum et al.*, No. 3:22-cv-01859-IM.

[2] Because Defendants moved for summary judgment and dismissal of Plaintiffs' challenges to the permitting provisions, ECF 163, and because Plaintiffs subsequently responded in opposition to that motion, ECF 187, this Court finds that the parties have had adequate notice and opportunity to be heard on this issue and deems this revision of its prior Order appropriate without oral argument.

revisit its prior ruling denying Defendants' motion to dismiss Plaintiffs' as-applied challenge to the same.[3]

## A. Plaintiffs' Facial Challenge

At the Pretrial Conference, counsel for Plaintiffs informed this Court that Plaintiffs intend to present evidence—including evidence about the implementation of unrelated firearms regulations such as Oregon's concealed handgun permit requirements, as well as past statements regarding BM 114's planned implementation—to support their claim that BM 114's permitting provisions are facially unconstitutional. Plaintiffs represented to this Court that this evidence would comprise the bulk of their case against the constitutionality of BM 114's permitting provisions. This Court finds that such evidence is not relevant to its analysis of a facial challenge to BM 114's permit requirements under Federal Rule of Evidence 401 and would lead to wasting time under Federal Rule of Evidence 403. Accordingly, this Court will not receive such evidence in support of a facial challenge to BM 114's permitting provisions.

A facial challenge challenges the constitutionality of a law as written. *See Young v. Hawaii*, 992 F.3d 765, 779 (9th Cir. 2021). In reviewing a facial challenge, a court is limited to considering the text of the statute itself. *Calvary Chapel Bible Fellowship v. Cnty. of Riverside*,

---

[3] Under the "law of the case" doctrine "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993) *cert. denied*, 508 U.S. 951 (1993). However, the doctrine does not prevent a district court from reconsidering its own interlocutory order provided that the district court has not been divested of jurisdiction over the order. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). "All rulings of a trial court are subject to revision at any time before the entry of judgment." *Id.* (quoting *United States v. Houser,* 804 F.2d 565, 567 (9th Cir. 1986)). Moreover, under Federal Rule of Civil Procedure 54(b), district courts have "complete power" over non-final orders and may vacate or revise them "at any time," if doing so would be "consonant with equity." *Midmoutain Contractors, Inc. v. Am. Safety Indem. Co.*, No. C10-1239JLR, 2013 WL 5492952, at *4 (W.D. Wash. Oct. 1, 2013) (internal citations and quotation marks omitted).

948 F.3d 1172, 1177 (9th Cir. 2020) ("[W]hen reviewing a facial challenge, we are limited to reviewing the text of the ordinance itself, not what others have said the statute means. How the statute has been interpreted and applied by local officials is the province of an as-applied challenge . . . ."). Evidence outside of the text of BM 114, such as how the provisions may or may not be applied at some future date, is of no consequence to this Court in deciding Plaintiffs' facial challenge. *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008) (internal quotations marks and citation omitted) (when considering a facial challenge, a court should not "go beyond the statute's facial requirements and speculate about hypothetical or imaginary cases."). Accordingly, such evidence is not relevant under Federal Rule of Evidence 401 and is therefore inadmissible under Federal Rule of Evidence 402. Because this Court will not consider evidence beyond the text of the statute in assessing Plaintiffs' facial challenge, admission of extrinsic evidence—even if it were admissible—would risk wasting time under Federal Rule of Evidence 403.

## B.  Plaintiffs' As-Applied Challenge

In addition to their facial challenge, the Azzopardi Plaintiffs bring an as-applied challenge to BM 114's permitting provisions. Unlike a facial challenge, an as-applied challenge challenges the application of a particular law to the parties before the court. *Young*, 992 F.3d at 779.

This Court finds, as an initial matter, that the Azzopardi Plaintiffs' as-applied challenge is unripe. Defendants are currently temporarily restrained from enforcing BM 114's permitting provisions by state court order. *See* Opinion Letter, December 15, 2022, *Arnold et al. v. Kotek et al.*, No. 22-cv-41008 (granting preliminary injunction of BM 114's LCM restrictions and temporary restraining order of BM 114's permitting provisions). The permitting provisions that the Azzopardi Plaintiffs challenge as unconstitutional in their application have never been

applied to the Azzopardi Plaintiffs, and any argument that these provisions would be applied in an unconstitutional manner rely on "future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation omitted); *see also McCullen v. Coakley*, 573 U.S. 464, 485 n.4 (2014) ("[A] plaintiff generally cannot prevail on an *as-applied* challenge without showing that the law has in fact been (or is sufficiently likely to be) unconstitutionally *applied* to him."). Plaintiffs' as-applied challenges are thus unripe for judgment and are dismissed without prejudice and with leave to refile at such a time as BM 114's provisions are applied to Plaintiffs. *See, e.g.*, *U.S. v. Kaczynski*, 551 F.3d 1120, 1124 (9th Cir. 2009) (finding that a court cannot "consider the validity of specific applications of [a] statute which have yet to occur."); *Witt v. Dep't of Air Force*, 527 F.3d 806, 812–13 (9th Cir. 2008) (finding that an as-applied procedural due process claim is not ripe where it depends on an injury that "may or may not occur.").

Moreover, to the extent that the Azzopardi Plaintiffs intend to introduce evidence of implementation of unrelated prior firearms regulations or past statements regarding BM 114's planned implementation, this Court finds that such evidence would be so speculative that its probative value is substantially outweighed by a danger of confusing the issues or wasting time. Fed. R. Evid. 403. Because BM 114 has not been implemented, this Court can only speculate about whether BM 114 will, at some future date, be applied in a way that is unconstitutional. Plaintiffs point to past evidence of Defendants' lack of readiness to implement BM 114, for instance, as evidence that at some point in the future, Defendants will still be unprepared to implement BM 114. But past evidence of unreadiness is not probative of whether the law is unconstitutional in its application—and particularly as-applied to Plaintiffs themselves—when that law has not gone into effect and, indeed, may never go into effect.

Accordingly, this Court DISMISSES WITHOUT PREJUDICE the Azzopardi Plaintiffs' as-applied challenge to BM 114's permitting provisions because that claim is not ripe for adjudication, with leave to renew the as applied challenge with this Court, if appropriate, once implementation occurs. Further, this Court will limit its consideration of Plaintiffs' remaining facial challenge to the text of BM 114 itself and will not receive extrinsic evidence offered by Plaintiffs to support their facial challenge.

**IT IS SO ORDERED.**

DATED this 1st day of June, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge